IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L.M., A MINOR, BY HIS MOTHER AND NEXT FRIEND, LINDSAY TAYLOR, GWENDOLYN MOORE AND JACETA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, et al.,<br><br>Defendant. | No. 13 C 0483<br><br>Judge James Holderman<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

On August 28, 2013, Plaintiffs filed a Motion to Compel Answers to Discovery. (Dkt. #49.) For the following reasons, the Court grants Plaintiffs' motion to compel in part with regard to Interrogatory No. 1, but denies it regarding all else.

### BACKGROUND

On December 15, 2012, Jamaal Moore was allegedly shot in the back and killed by Chicago Police. Plaintiff's action seeks to recover damages. On July 12, 2013, Plaintiffs propounded a series of interrogatories and requests for production for information to aid Plaintiffs in discovery. Defendant responded, however, Plaintiffs found several deficiencies in Defendant's responses. After consulting with Defendant about the deficiencies, on August 28, 2013, Plaintiffs filed this motion to compel answers to discovery. Since that time,

Defendant has made several amendments to its responses to Plaintiffs' written discovery requests. A status hearing was held on September 11, 2013, and as of that date, both parties agreed that only two matters were still in dispute: (1) the disclosure of the home addresses and last four digits of the Social Security Numbers of the individual Defendant police officers; and (2) the production of finance sheets reflecting monies paid to sworn and civilian personnel who were on the scene of the arrest of Jamaal Moore, Sr..

## Standard of Review

The district court exercises significant discretion in ruling on a motion to compel. The district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case. Fed. R. Civ. P. 37(a)(4)(B), (c). Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties. *See*, *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). Courts have discretion to limit the extent of discovery after considering "[if] the burden or expense of the proposed discovery outweighs its likely benefit...the importance of the issues at stake in the action,

and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(iii).

Where the party from whom the documents are requested objects to the request, the party seeking the request may move for an order to compel production. *Gile v. United Airlines, Inc.*, 95 F.3d 496. The Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971–972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.")

Discussion

*I.  Interrogatory No. 1*

Plaintiffs' Interrogatory No. 1 is directed to the defendant officers, and requests the full names, titles, addresses, and last four digits of the social security numbers of the responding officers. Defendant refuses to identify the officers' respective addresses and last four digits of their social security numbers, asserting that such information is not reasonably related to discoverable information, infringes upon privacy interests, and could put the officers at risk. Plaintiffs argue that the information is necessary to conduct background investigations, check credibility, and discover if there

3

are any potential biases for cross-examination. Additionally, Plaintiffs ensure the safeguarding of the sensitive information.

Rule 26 permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1). "Relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Wi-Lan, Inc. v. LG Electronics, Inc.*, 2011 WL 148058, *2 (N.D. Ill. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). However, "police officers play a significant role in law enforcement that may subject them [to] danger and they have a justifiable fear that disclosing their home addresses could jeopardize their safety." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. July 12, 2004).

The Court agrees that Plaintiffs' access to the information sought is reasonable, and that just as a party is allowed to investigate into the identity and history of any other witness or party to discover their credibility, character for truthfulness, bias, motive and any other characteristics that bears upon their honesty; Plaintiffs should be able to investigate into the same matters when the opposing party or witness is a police officer. However, the Court finds that it must balance the Plaintiffs' legitimate need for this information with the safety concerns of the officers, and that

4

additional safeguards should be implemented to protect the personal information of the officers, given the nature of Plaintiffs' claim. *See Sasu v. Yoshimura*, 147 FRD. 173, 176 (N.D. Ill. 1993) (Access to police officer's personnel file contingent upon redaction of information about the officer and his family).

Defendants have offered that Plaintiffs "identify the investigator or vendor they wish to perform the searches or investigations of their choice at Defendants' cost with the results being returnable to Defendants, who will then redact the social security numbers, home addresses and other identifying personal information of the Defendant Police Officers, such as credit card or other account numbers." "Once those limited redactions are made, the results would be turned over to Plaintiffs." The Court finds this arrangement to be the best solution, garnering Plaintiffs the in-depth retrieval of background information requested, while protecting the personal identification of the defendant officers. The Court additionally orders that the Court be provided, *in camera*, its own un-redacted copy of the searches/investigations, in order to ensure that the redactions made are limited to those outlined above.

Accordingly, the Court denies Plaintiffs' motion to compel Interrogatory No. 1 in part, but orders Defendant to comply with the instructions set forth above.

*II. Requests for Production Nos. 11 and 12*

Plaintiffs' RFP Nos. 11 and 12 to the City seek any and all finance sheets reflecting monies paid to sworn and civilian personnel, including, but not limited to, police officers and detectives who were on the scene of the shooting and arrest of Jamaal Moore, Sr. on December 15, 2012. Defendant has objected to these requests on the basis that they are overly broad, unduly burdensome, and that the information sought is not relevant and is not likely to lead to relevant information. Additionally, Defendant objects to the disclosure of this information on the basis that it deals with financial information of individuals who are not parties to this lawsuit. Plaintiffs claim that the information is particularly important to help identify all employees of the City of Chicago who were at the scene of the shooting and the arrest. The Court disagrees with Plaintiffs, and denies production.

The information requested by Plaintiffs will only identify the payments made to employees of the City of Chicago on that date, not who was specifically at the scene during those time periods. To the extent Plaintiffs want to know who was on duty on the date of the alleged occurrences within those districts of the Chicago Police Department, Defendant has already turned over the Attendance & Assignment sheets for the 9th District and have agreed to turn over the Attendance & Assignment sheets for the

6

7th District to Plaintiffs upon receipt of same, which contains such information. Defendant has also produced four Area Files, Independent Police Review Authority's file, and records of the Office of Emergency and Management Communication, which reflect the identities of personnel present at the scene. Moreover, to the extent Plaintiffs are seeking the identities of City of Chicago employees not assigned to the Chicago Police Department who were present at the time of the alleged occurrences, Defendant has turned over records reflecting the identities of such individuals, including personnel of the Chicago Fire Department and the Independent Police Review Authority.

The Court finds that Defendant has adequately complied by turning over records identifying many of the individuals who were present at the time of the alleged occurrences, as well as those individuals who were present some time thereafter, and that Plaintiffs have presented no compelling reason for the production of "finance sheets reflecting monies paid to sworn and civilian personnel." Therefore, the Court denies Plaintiffs' motion to compel production of RFP Nos. 11 and 12.

## Conclusion

For the reasons set forth above, Plaintiffs' motion to compel [Dkt. #49] is denied, in part. Requests for Production Numbers 11 and 12 are denied, however, with regard to

Interrogatory Number 1, Defendant is ordered to redact the limited personal information returned from the search that is performed by an investigator or vendor of Plaintiffs' choosing, before turning over all other information garnered to Plaintiffs, as well as submitting an un-redacted copy of all information retrieved for *in camera* review by the court.

Date: October 2, 2013

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT